## Mellinger v. Shoop

Before Shughart, P. J. and Weidner, J.

*William R. Mark,* for plaintiff.

*McCrea & McCrea,* for defendants.

WEIDNER, J., February 26, 1965.—In this case, plaintiff brought an action in ejectment to eject defendants from a part of a tract of land. The whole tract lies in Franklin and Cumberland Counties and the disputed part lies solely in Franklin County. The jury returned a verdict for plaintiff on May 20, 1964, and defendants filed motion for a new trial or a judgment n.o.v.

In their brief and at argument, defendants abandoned all arguments except for judgment n.o.v., contending that although the land lies in Cumberland County and Franklin County, since the disputed part of the land lies in Franklin County only, venue lies only in Franklin County.

On the other hand, plaintiff contends that the disputed tract lies in both counties, but that, even if the disputed tract lies wholly in Franklin County, venue lies in either county, since the whole of the land lies in both counties.

Pennsylvania Rule of Civil Procedure 1052, on ejectment, provides: "Venue. The action may be brought in and only in a county in which the land or a part of the land is located."

We conclude that the location of the entire tract of land, not the "disputed" land determines venue under the rule. To interpret the rule as defendants contend, we would have to interpret the rule to provide: "The action may be brought in and only in a county in which the disputed land or a part of the disputed land is located."

The case of Perry v. Pittsburgh & Butler Street Railway Co., 64 Pa. Superior Ct. 583, involving an action in eminent domain, supports our position. In that case, the action was brought in the county where the land not taken lay. The court held that it had jurisdiction even though the part affected by the taking lay in another county.

The case of Finney v. Somerville, 80 Pa. 59, involved land constituting a "single tenement" as in our case.

"Where an action is brought affecting a single entire tract of realty lying in two or more counties, it is generally considered that any one of the counties wherein the land lies has jurisdiction of the action in respect to the entire tract, and separate suits need not be brought in different counties": 56 Am. Jur., Venue, §12, p. 15.

Further, on the subject of "Trespass or wrongful act outside county of forum," it is stated in 169 A.L.R. 1245, at page 1268:

"In those jurisdictions providing that actions for injuries to real estate must be brought in the county

in which the land or part thereof is situated, the courts are in accord upon the proposition that when the factual situation as above indicated arises (trespass or wrongful act outside the county of forum), the plaintiff may bring his action in one of the counties in which a part of his land lies, even though the trespass or act producing injury was committed in another county where another part of his land was located."

We conclude that venue in this action in ejectment properly lies in Cumberland County and the defendants' motion for a new trial or judgment n.o.v. must be overruled.

ORDER OF COURT

And now, February 26, 1965, at 2:30 p.m., EST, for the reasons given, defendants' motion for a new trial or judgment n.o.v. is overruled.